IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RENE BURTON-LARA, )
)
Movant, ) NO. 3:08-0937
) JUDGE HAYNES
)
)
)
UNITED STATES OF AMERICA, )
)
Respondent. )

**MEMORANDUM**

Movant, Rene Burton-Lara, filed this motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Movant's claim are that his trial counsel was ineffective by: (1) failing to assert a Speedy Trial Act violation based upon Movant's immigration custody prior to the indictment; (2) failing to move for a lower sentence based on Movant's allegedly harsh conditions of confinement at the Rutherford County jail; (3) failing to assert that the presentence report incorrectly calculated Movant's criminal history points; and (4) failing to request sentencing credits for the time during which Movant was in Immigration custody prior to his arrest on the indictment.

For his claims, Movant must show: (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that a "reasonable probability" exists that the performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687-94 (1984). In reviewing counsel's performance, the Court must "indulge a strong presumption that counsel's conduct falls with a wide range of reasonable professional assistance." Id. at 689. Prejudice is a "reasonable probability that, but for counsel's unprofessional errors, the result of proceeding would have been different." Id. at 694. Upon review of Movant's claims, the Court concludes

that an evidentiary hearing is unnecessary. 28 U.S.C. § 2255, Rule 8(a); Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996).

As to Movant's claim that his counsel failed to assert a Speedy Trial Act violation for the time Movant was in Immigration custody prior to indictment, that criminal action commenced on October 3, 2007 when Movant was indicted. (Docket Entry No. 1). On November 14, 2007, after Movant's arrest and initial appearance before a magistrate judge, id. at Docket Entry No. 4, the Speedy Trial Act's time limits commenced. 28 U.S.C. § 316(c)(I). ("Within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs"). Thus, the Speedy Trial Act did not commence until November 14, 2007. Given Movant's January 7, 2008 guilty plea, there was not any basis for a claim of Speedy Trial Act violation.

Moreover, the Speedy Trial Act does not apply to ICE administrative detention. See e.g., United States v Dyer, 325 F.3d 464 (3d Cir. 2003); United States v. Garcia-Martinez, 254 F.3d 16, 19 (1st Cir. 2001); United States v. Le La Pena-Juarez, 214 F.3d 594, 597 (5th Cir. 2000); United States v. Noel, 231 F.3d 833, 836 (11th Cir. 2000); United States v. Grajeles-Montoya, 117 F.3d 356, 366 (8th Cir. 1997); United States v. Cepeda-Luna, 989 F.2d 353, 355-56 (9th Cir. 1993). Time in ICE custody is irrelevant to the Speedy Trial clock. See e.g., United States v. Rodriguez-Amaya, 521 F.3d 437 (4th Cir. 2008 (Speedy Trial Act did not apply to period during which defendant was detained by ICE on administrative charges). This claim lacks merit.

As to Movant's claim that his counsel failed to move the Court for a lower sentence based upon his alleged harsh living conditions at Rutherford County Jail, at the time of Movant's

sentencing, the Sixth Circuit had not expressly addressed whether the conditions of a defendant's pretrial detention may be considered a sentencing factor under 18 U.S.C. § 3553(a) nor has any other Circuit since United States v. Booker, 543 U.S. 220 (2005) except Second the Seventh Circuit in United States v. Ramirez-Gutierrez, 503 F.3d 643, 645-46 (7th Cir. 2007) ("Harsh or unpleasant conditions of pretrial confinement are not among the § 3553(a) factors, and we have not decided whether such conditions ever justify a reduced sentence."), and United States v. Carty, 264 F.3d 191, 193, 196-97 (2d Cir. 2001) (per curiam) (defendant held in four-by eight-foot cell with three or four other inmates and subjected to other barbaric conditions should be considered for a downward departure).

In this Circuit in United States v. Jones, 205 Fed.Appx., 327, 337 (6th Cir. 2006), the Sixth Circuit observed that the district court "underst[ood] its discretion" to downward departure when it heard testimony on the conditions of defendant's pretrial imprisonment, but did not decide those conditions of confinement would justify. In United States v. Rorrer, 161 Fed.Appx. 518 (6th Cir. 2005), the Sixth Circuit rejected defendant's contention that the district court refused to consider his argument for a downward departure based on pretrial confinement conditions.

Where district courts granted downward departure for conditions of confinement, those conditions "involve[d] [a] long period of incarceration in deplorable conditions that typically include situations where the inmate was subjected to physical abuse and/or sexual abuse while imprisoned." Isaza v. United States, 2007 WL 2226015 (D.N.J. Aug. 3, 2007) (citing United States v. Rodriguez, 213 F.Supp.2d 1298 (M.D. Ala. 2002) (granting downward departure where inmate was a victim of attempted knife slashing, was repeatedly threatened during 13 months of

incarceration, and experienced extraordinary stress and anxiety); United States v. Mateo, 299 F.Supp.2d 201, 205 (S.D.N.Y 2004) (downward departure based on pre-sentence confinement where defendant was subjected to sexual abuse by prison guard and gave birth at prison without medical attention).

In this district, the Honorable John T. Nixon declined a request for a downward departure for a defendant housed in the Robertson County Jail, the same facility about which Movant complains. Chief Judge Campbell also recently denied a request for a lower sentence based on allegedly harsh pretrial conditions at Robertson County Jail. United States v. Gonzalez, Case No. 3:08-00022 (MDTN), Statement of Reasons for Sentence, Docket Entry No. 54.

The Movant's conditions of pretrial confinement are not comparable to defendants who endured physical and sexual abuse. In a word, absent egregious conditions, Movant has not alleged pretrial confinement to suggest any prejudice for counsel's failure to raise this contention at sentencing. Finally, Movant cannot show a reasonable probability that, but his counsel's failure to raise a sentencing argument based on conditions at Robertson County jail, would have resulted in sentence.

As to Movant's trial counsel's failure to object to the calculation of his criminal history points in the Pre-Sentence Report ("PRS"), that claim is based upon Amendment 709 to the Sentencing Guidelines that amended the guidelines for certain types of sentences for misdemeanor and petty offenses in calculating criminal history points. Until November 1, 2007, the offenses for careless or reckless driving, contempt of court, disorderly conduct or disturbing the peace, driving without a license or with a revoked or suspended license, false information to police officer, gambling, hindering or failure to obey a police officer, insufficient check funds,

4

leaving the scene of an accident, non-support, prostitution, resisting arrest, and trespassing were counted on a defendant's criminal history only if the sentence were a term of probation of **at least** one year or a term of imprisonment of a least thirty days. See U.S.S.G. § 4A1.2(c)(1) (2006).

After November 1, 2007, Amendment 709 defines criminal history to include only sentences for a term of probation of **more** than one year or a term of imprisonment of at least thirty days. See U.S.S.G. § 4A1.2(c)(1) (2007), Historical Note, 2007 Amendments, Appendix C, Amendment 709. Movant's prior convictions were among the enumerated offenses governed by Amendment 709, but were felony convictions. See United States v. Rene Burton-Lara, Case No. 3:07-00186 (MDTN), PSR at ¶¶ 27, 28. Movant's convictions do not fall under Amendment 709. Thus, Movant's trial counsel failure to challenge petitioner's criminal history points based on Amendment 709 was neither ineffective nor prejudicial.

Movant's next claim is that his counsel failed to request credit for the time Movant was in ICE custody before his indictment. Movant's counsel did argue that Movant's ICE custody warranted a below-guideline sentence. See Untied States v. Rene burton-Lara, Case No. 3:07-00186 (MDTN), Defendant's Sentencing Memorandum, at 10, Docket Entry No. 19, Attachment E. ("When Mr. Burton was released by Davidson County officials on August 16, 2007, he was sent to an Immigration detention facility in Louisiana for deportation. Upon return to the indictment in this case on October 3, 2007, he was brought back to the Middle District of Tennessee for prosecution. The arrest warrant was not executed until November 14, 2007 . . . for all of the reasons stated above, a sentencing in the range of 24 - 30 months would be the sentence that was sufficient, but not greater than necessary, to achieve the goals of sentencing in

this case.").

In any event, a sentencing court cannot grant credit for time served in ICE custody. "[T]he district court cannot determine the amount of the credit [for time served] at sentencing." United States v. Wilson, 503 U.S. 329, 335 (1992). Whether "the service of imprisonment of any time he has spent in official detention prior to the date the sentence commences," 18 U.S.C. § 3585(b), is vested initially in the Bureau of Prisons. Wilson, 503 U.S. at 335; Untied States v. Cobleigh, 75 F.3d 242, 251 (6th Cir. 1996). Movant must also seek administrative review by the Bureau of the computation of this credit. 28 C.F.R. § 542.10-542.16 (1997) and exhaust his administrative remedies before seeking judicial review. Wilson, 503 U.S. at 335. Movant's counsel could not be ineffective for this cited omission.

For the above stated reasons, this motion to vacate should be dismissed.

An appropriate Order is entered herewith.

**ENTERED** this the 30th day of September, 2009.

WILLIAM J. HAYNES, JR.
United States District Judge

6